SUCESORES DE HUERTAS GONZÁLEZ, *S. en C.*, Appellant, *v.* REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. 983. Submitted January 11, 1937.—Decided January 12, 1937.

*José C. Jusino* for appellant. The registrar appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Sucesores de Huertas González, S. en C., a mercantile partnership of Toa Alta, presented to the registrar of property of Caguas a certified copy of a complaint filed on its behalf in the District Court of Humacao against J. González

& Co., S. en C. and José Isabel Aponte in an intervention proceeding, and asked that a record be made in accordance with the provisions of Section 91 of the Code of Civil Procedure.

The registrar returned the document without making any record "for the reason that such action is for the sole purpose of determining that certain real properties, said to belong to the defendant José Isabel Aponte, are subject to a mortgage constituted by the latter in favor of the plaintiff, and that such mortgage security is preferred over a credit belonging to the co-defendant J. González y Compañía, S. en C., which said action is not one affecting the title or the right to possession of real property and that consequently a record of the pendency of such action is not proper in accordance with Section 91 of the Code of Civil Procedure. What is proper is a record of the mortgage or a cautionary notice for the term provided by law if the mortgaged properties, as in this case, are not recorded in the name of the defendant or of any other person, particularly since in this matter, upon petition of the creditor, Sucesores de Huertas González, S. en C., under Section 42 of the Mortgage Law, a cautionary note of such mortgage was recorded and the period provided by law for such note has expired."

The party prejudiced by such denial has taken the present administrative appeal.

Section 91 of the Code of Civil Procedure, which both the appellant and the appellee invoke to sustain their conflicting positions, permits a record to be made in every action "affecting the title or the right of possession of real property."

Does this action affect the title or the possession of any real property? To answer this question is to decide the appeal.

It is alleged in the complaint that the defendant Aponte, to secure a certain debt owing to the defendant, mortgaged several real properties, but that the mortgage could not be

recorded in the registry because the mortgaged properties were not recorded.

It is further alleged in the complaint that at this point the other defendant J. González & Co., S. en C., sued Aponte in the municipal court of Caguas in an action of debt and obtained a judgment in its favor, in execution of which the marshal of that court attached and advertised for sale one of the properties mortgaged to the plaintiff.

It is further alleged in the complaint that plaintiff's credit is preferred over the attachment levied by the defendant J. González & Co., S. en C., and a judgment to that effect is prayed for.

It is evident that this case involves real property. The title to that property is at present in the defendant Aponte. It is also evident that if the sale at public auction for the payment of the judgment held by J. González & Co., S. en C., is completed, there will be a transfer of the title to the purchaser at the sale, and that the latter's right will be affected by the right of Sucesores de Huertas González, S. en C., if the intervention prevails.

Since this is true, we do not believe that it can be contended that the action set forth in the complaint as to which record is asked, fails absolutely to affect the title to the real property in question. It seems that the same conclusion ought to be reached in this case as this court reached in the case of *Schlüter* v. *Registrar,* 36 P.R.R. 466, to wit:

"That an action for the foreclosure of a mortgage is within the contemplation of the statutory provision becomes self-evident if that provision is to be construed in the light of its history and purpose as a limitation and restriction upon the common law doctrine of *lis pendens.* 17 R.C.L. page 1016 par. 10, and page 1019, par. 14."

See also the decisions of this court in *Alvarez et al.* v. *Registrar,* 24 P.R.R. 400, and *Manrique de Lara* v. *Registrar,* 23 P.R.R. 803, and 38 C. J. 17 *et seq.*

There is some doubt as to whether the mortgage upon which petitioner bases his claim of a better right can be so

considered, since Section 146 of the Mortgage Law provides that in order for voluntary mortgages to be validly constituted it shall be necessary that the deed shall have been recorded in the registry, and we know that here that could not be done because the mortgaged property was not itself recorded.

In any event, since an unrecorded real property is involved and some right could arise, we believe that the conclusion which we have reached is well founded. See *Rodríguez* v. *Solivellas & Co.*, and *National City Bank, int.*, 49 P.R.R.

We are not in agreement with the contention of the registrar that petitioner's right is limited to recording his mortgage. There is no doubt that that would be the better course. The petitioner tried to do so, but found it impossible because of the fact that the mortgaged property was not recorded. Since the prior record of the property necessary in order to record the mortgage is a procedure subject to delay, we believe that the petitioner was warranted in asking that his complaint be recorded for the protection of the rights to which he may be entitled in spite of the fact that the security for the payment of his credit is not recorded. *Carreras* v. *Registrar*, 42 P.R.R. 874; *Zapata* v. *Registrar*, 40 P.R.R. 542.

The decision appealed from should therefore be reversed and the record prayed for ordered to be made.

Mr. Justice Wolf and Mr. Justice Córdova Dávila took no part in the decision of this case.